**No. 07-709C**
**(Judge Bruggink)**

---

**IN THE UNITED STATES COURT OF THE FEDERAL CLAIMS**

---

**RONALD J. MENKE,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S MOTION TO DISMISS WITH APPENDIX

---

**Respectfully submitted,**

**JEFFREY S. BUCHOLTZ**
**Acting Assistant Attorney General**

**JEANNE E. DAVIDSON**
**Director**

**KIRK T. MANHARDT**
**Assistant Director**

**DOUGLAS K. MICKLE**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**Department of Justice**
**Washington, D.C. 20531**
**Attn: Classification Unit**
**8th Floor, 1100 L St., N.W.**
**Washington, DC 20530**
**Tele: (202) 307-0383**
**Fax: (202) 353-7988**
**Attorneys for Defendant**

**OF COUNSEL:**

**CAPTAIN STEVEN R. SNORTLAND**
**Trial Attorney**
**General Litigation Branch**
**Military Personnel Division**
**1501 Wilson Blvd. Seventh Floor**
**Arlington, VA 22209-2403**
**Tel: (703) 696-8507**
**Fax: (703) 696-8578**

**November 30, 2007**

## TABLE OF CONTENTS


DEFENDANT'S MOTION TO DISMISS . . . . . 1

ISSUES PRESENTED . . . . . 2

STATEMENT OF THE CASE . . . . . 2

I. Nature Of The Case . . . . . 2

II. Statement Of Facts . . . . . 3

SUMMARY OF ARGUMENT . . . . . 6

ARGUMENT . . . . . 7

I. Legal Standard Pursuant To RCFC 12(b)(1) . . . . . 7

II. The Court Lacks Subject Matter Jurisdiction To Entertain Mr. Menke' Claims . . . . . 8

A. Mr. Menke Has Failed To Plead A Money-Mandating Statute Or Regulation . . . . . 8

B. Pursuant to 28 U.S.C. § 1500, Mr. Menke's Claim Filed In The United States District Court For The District Of Utah, Divests This Court Of Jurisdiction . . . . . 9

C. Mr. Menke's Complaint Also Is Barred By The Statute Of Limitations . . . . . 11

D. The NGTA Bars Review Of Mr. Menke's Complaint . . . . . 13

CONCLUSION . . . . . 15

**TABLE OF AUTHORITIES**

**CASES** **PAGES**

Adams v. United States,
46 Fed. Cl. 834 aff'd, 243 F.3d 560 (Fed. Cir. 2000),
cert. denied, 533 U.S.961 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Alexander v. United States,
52 Fed. Cl. 710 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Alexander v. United States,
143 Fed. Appx. 340, 2005 WL 1812983 (Fed. Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 14

Alexander v. United States,
547 U.S. 1005 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Ancman v. United States,
77 Fed. Cl. 368 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bailey v. United States,
46 Fed. Cl. 187 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Best v. Adjutant Gen.,
400 F.3d 889 (11th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Bevelheimer v. United States,
4 Cl. Ct. 558, 561 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Bonen v. United States,
229 Ct. C 666 F.2d 536,
cert. denied, 456 U.S. 991 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Colon v. United States,
35 Fed. Cl. 515 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Coon v. United States,
30 Fed. Cl. 531 aff'd, 41 F.3d 1520 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Data Disc., Inc. v. Systems Tech. Assoc., Inc.,
557 F.2d 1280 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Dehne v. United States,
970 F.2d 890 (Fed. Cir. 1992) . . . . . . . . . . 8, 9

Deponte Invs., Inc. v. United States,
54 Fed. Cl. 112 (2002) . . . . . . . . . . 8

Hambsch v. United States,
857 F.2d 763 (Fed. Cir. 1988),
cert. denied, 490 U.S. 1054 (1989) . . . . . . . . . . 8

Hamlet v. United States,
873 F.2d 1414 (Fed. Cir. 1989) . . . . . . . . . . 7

Harbuck v. United States,
58 Fed. Cl. 266 aff'd, 378 F.3d 1324 (Fed. Cir. 2004) . . . . . . . . . . 10

Hart v. United States,
910 F.2d 815 (Fed. Cir. 1990) . . . . . . . . . . 11

Hopland Band of Pomo Indians v. United States,
855 F.2d 1573 (Fed. Cir. 1988) . . . . . . . . . . 12

Hurick v. Lehman,
782 F.2d 984 (Fed. Cir. 1986) . . . . . . . . . . 12

John R. Sand & Gravel Co. v. United States,
457 F.3d 1345 (Fed. Cir. 2006),
cert. granted, __ U.S. __, 127 S. Ct. 2877(2007) . . . . . . . . . . 11

Keene Corp. v. United States,
508 U.S. 200 (1993) . . . . . . . . . . 10

Land v. Dollar,
330 U.S. 731 (1947) . . . . . . . . . . 7

Leistiko v. Stone,
134 F.3d 817 (6th Cir. 1998) . . . . . . . . . . 14

Loveladies Harbor, Inc. v. United States,
27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . 10

Maclean v. United States,
454 F.3d 1334 (Fed. Cir. 2006) . . . . . . . . . . 12

Mars v. Kabushiki-Kaisha Nippon Conlux,
24 F.3d 1368 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Martinez v. United States,
333 F.3d 1295 (Fed. Cir. 2003) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Maryland v. United States, 381 U.S. 41(1965)
vacated on other grounds, 382 U.S. 159 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Parker v. United States,
2 Cl. Ct. 399, 402 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Raymark Indus., Inc. v. United States,
15 Cl. Ct. 334, 338 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reynolds v. Army and Air Force Exchange Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

Ruckelshaus v. Sierra Club,
463 U.S. 680 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Rocovich v. United States,
933 F.2d 991 (Fed. Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Singleton v. Merit Systems Protection Board,
244 F.3d 1331 (Fed. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Soriano v. United States,
352 U.S. 270 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Spodek v. United States,
170 F.3d 1084 (Fed. Cl. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States v. Fausto,
484 U.S. 439 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Kubrick,
444 U.S. 111 (1979) . . . . . . . . . . 11

United States v. Mitchell,
463 U.S. 206 (1983) . . . . . . . . . . 9

United States v. Sherwood,
312 U.S. at 586 . . . . . . . . . . 11

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . 9

Wilson v. United States,
231 Ct. Cl. 958 (1982) . . . . . . . . . . 12

**STATUTES**

5 U.S.C. § 5595(b) . . . . . . . . . . 13

5 U.S.C. § 5596 . . . . . . . . . . 13

5 U.S.C. § 7511(b)(5) . . . . . . . . . . 14

5 U.S.C. § 7513(d) . . . . . . . . . . 14

10 U.S.C. § 1552 . . . . . . . . . . 2, 9

28 U.S.C. § 1346(b) . . . . . . . . . . 6

28 U.S.C. § 1491 . . . . . . . . . . passim

28 U.S.C. § 1500 . . . . . . . . . . passim

28 U.S.C. § 2501 . . . . . . . . . . passim

28 U.S.C. §§ 2671-2680 . . . . . . . . . . 6

32 U.S.C. § 709 . . . . . . . . . . 1, 13

32 U.S.C. § 709(f)(4) . . . . . . . . . . 13

## INDEX TO APPENDIX

Description — Page

Civil Docket for Case No. 00-973 (D. Utah) . . . . . . . . . . 1

Menke v. Utah Air National Guard, et. al., 00-973 (D. Utah Feb. 12, 2002), Order dismissing complaint . . . . . . . . . . 6

Plaintiff's Notice Of Withdrawal Of Motion To Reconsider, August 5, 2002 . . . . . . . . . . 10

Complaint, Menke v. United States Department of Defense, 04-472 (D. Utah), Filed on May 21, 2004 . . . . . . . . . . 12

Civil Docket for Case No. 04-472 (D. Utah) . . . . . . . . . . 23

Menke v. Department of Defense, 04-472 (D. Utah), Stipulated Motion Staying Proceedings, January 7, 2005 . . . . . . . . . . 26

Affidavit of the Absence of a Record Air Force Board for the Correction of Military Records (AFBCMR) dated 13 November 2007 . . . . . . . . . . 29

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **RONALD J. MENKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 07-709C** |
| | ) | **(Judge Bruggink)** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS WITH APPENDIX**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the complaint[1] of plaintiff, Ronald J. Menke, for lack of subject matter jurisdiction. As we establish below, the Court lacks subject matter jurisdiction to entertain Mr. Menke's complaint for several reasons. First, Mr. Menke has failed to plead the requisite money-mandating statute. Second, because Mr. Menke has similar claims pending in the United States District Court for the District of Utah, this Court is barred from entertaining Mr. Menke's complaint pursuant to 28 U.S.C. § 1500. Third, the Court should dismiss Mr. Menke's complaint because it is barred by the six-year statute of limitations set forth at 28 U.S.C. § 2501. Finally, even if Mr. Menke had plead a proper money-mandating statute, did not have a similar lawsuit pending in Federal district court, and had filed this complaint within the Court's statute of limitations, judicial review of Mr. Menke's claim challenging his termination as a civilian National Guard Technician is barred by the National Guard Technicians Act of 1968 ("NGTA"), 32 U.S.C. § 709. In support of this

---

[1] Mr. Menke's complaint, dated December 15, 2006, was filed with the Court on October 2, 2007, is entitled "brief of Petitioner Ronald Menke."

motion, we rely upon the complaint (Compl.), the following memorandum of law, and the attached appendix (DA).

## ISSUES PRESENTED

1. Whether 10 U.S.C. § 1552 and Department of Defense Directive 1332.41 provide the requisite money-mandating statute or regulation for this Court to possess jurisdiction to entertain Mr. Menke's complaint.

2. Whether this Court, pursuant to 28 U.S.C. § 1500, lacks jurisdiction to entertain Mr. Menke's complaint, which is based upon the same operative facts and seeking the same relief as the claim pending in the United States District Court for the District of Utah.

3. Whether Mr. Menke's complaint should be dismissed because it was filed over six-years after his claim accrued.

4. Whether the United States Court of Federal Claims' review of the plaintiff's complaint is barred by the NGTA and whether the Civil Service Reform Act of 1978 (CSRA) precludes granting back pay to Title 32 Technicians.

## STATEMENT OF THE CASE

### I. Nature Of The Case

The complaint is based upon Mr. Menke's removal from his civilian technician position as an Aircraft Engine Mechanic with the Utah Air National Guard on December 21, 1999 and his subsequent denial of his re-enlistment and honorable discharge from the Utah National Guard effective January 9, 2001. Compl. at Exh 18, pp. 257-259, Exh. 20 276-277, and Exh. 22 281-282. Mr. Menke's complaint alleges that the Adjutant General of Utah's decision denied him a court-martial and that the decision improperly relied on a June 2, 1996 incident, the decision did

not comport with the Uniform Code of Military Justice, and that Air National Guard ("ANG") Instruction 2503(11) was erroneously utilized and applied and the punishment was an overly severe penalty. Compl. ¶¶ 11, 12. Mr. Menke also alleges that pay, benefits, and privileges were withheld, and that he was again denied a right to trial by court-martial in subsequent disciplinary actions. Compl. ¶ 13. Mr. Menke seeks $180,308.40 in lost pay from his in-active duty entitlement since January 2001; $18,000 in active duty pay; $262,961.60 in title 32 civilian wages, $40,200 in insurance benefits and $13,148.08 in Thrift Savings Plan benefits. Compl. ¶ 87. Mr. Menke also is seeking $43,182.32 in legal expenses, and reinstatement to both his military and civilian positions with the same pay grade. Compl. ¶ 89.

## II. Statement Of Facts[2]

Mr. Menke began active duty military service in the United States Navy on January 11, 1977, and received an Honorable Discharge from the United States Naval Reserve on February 28, 1977, an Honorable Discharge from the Navy on 8 May, 1981, and another Honorable Discharge from the United States Naval Reserve on January 10, 1983. Compl. at Exhibit (Exh) 1, pp. 34-36. Mr. Menke entered the Utah Air National Guard on January 10, 1989 and completed one enlistment on January 9, 1995. Id. Due to an incident involving death threats against another member of the Utah Air National Guard, Mr. Menke was removed from his technician position as a civilian Aircraft Engine Mechanic, WG-8601-10 with the Utah Air

---

[2] For purposes of this motion, the defendant accepts as true the facts alleged in the complaint. However, the defendant reserves the right to contest the alleged facts in subsequent proceedings. The Court may also consider evidence set forth in Defendant's Appendix when determining whether it lacks jurisdiction to entertain Mr. Menke's complaint because it contains relevant evidence concerning jurisdictional facts. Reynolds v. Army and Air Force Exchange Serv., 846 F.2d 746, 747 (Fed. Cir. 1988).

National Guard effective December 21, 1999. Compl. at Exh 18, pp. 256-259. The basis of Mr. Menke's removal was outlined in a notification memorandum dated December 20, 1999, stating:

> 1. On 17 September 1999 at approximately 2240 hours, you were at the NCO Club, Building #1624, when TSG Robert Teinert approached you and asked if you would like him to call you a cab. After several verbal interactions with TSG Teinert, SRA Jense, SSG Morstad, SSG Bradshaw and Mr. Darren Lindsey, Mr. Lindsey drove you and your wife home from the club.
>
> 2. On 18 September 1999 at approximately 0030 hours, you called TSG Tienert on his cellular phone. During this telephone conversation it is alleged that you verbally threatened his life.
>
> 3. While you dispute the details of the telephone conversation between you and TSG Teinert regarding the alleged death threat, I have given due weight to the fact that in an effort to communicate your death threat message to him, you called him three separate times.
>
> 4. I have also carefully considered and given due weight to the fact that TSG Teinert contemporaneously reported the death threat telephone conversation to SRA Jensen immediately after the phone conversation took place, as well as immediately calling Central Security Control and reporting the death threat phone call.
>
> 5. Furthermore, it is important for you to understand that in reaching my decision, I did not consider any conduct other than the alleged events that took place on 17 – 18 September 1999. Specifically, I did not consider any of the activities that took place on 16 March 1996 while you were deployed to Marina DiPisa, Italy, or the physical confrontation with Mr. Clay Zimmerman. Rather I have based my decision solely on the egregious and totally unacceptable behavior of the events that occurred on 17-18 September 1999.

Compl. at Exh 18, pp. 257-256.

Mr. Menke's appeal of the decision by his commander was denied by the Adjutant General of the Utah National Guard on May 17, 2000. Compl. at Exh 20 pp. 276-277. Mr. Menke's enlistment as a member of the Air Force ended when he was honorably discharged

from the Utah Air National Guard ("UANG") on January 9, 2001, Compl. at Exh 1 pgs. 34-36 and Exh 29 pgs. 321-322; and denied reenlistment effective 9 January 2001, Compl. at Exh 22 pgs. 281-282. The UANG initiated proceedings to discharge Mr. Menke from the Air National Guard and his service as a Reserve of the Air Force in accordance with AFI 36-3209 on September 14, 2000. Compl. at Exh 21 pp. 278-280. Involuntary separation, however, was not pursued, and his enlistment was simply not renewed and his application for reenlistment was denied. Compl. ¶ 87 and Exh 22 pp. 281-282.

On January 5, 2001, Mr. Menke filed suit in the United States District Court for the District of Utah requesting a temporary restraining order and an injunction from discharge and asked for reinstatement in the National Guard. DA 2. The district court dismissed the suit for lack of subject matter jurisdiction as well as failure to exhaust administrative remedies on February 12, 2002. DA 4, 6-7. Mr. Menke filed a motion to reconsider that decision, which he ultimately withdrew on August 5, 2002. DA 4-10.

Mr. Menke then filed a complaint with the United States Office of Special Counsel ("OSC") on March 28, 2002. Compl. at p. 343 Exh 34. On April 12, 2002, Mr. Menke was notified of OSC's preliminary determination that it would not pursue the case before the Merit Systems Protection Board ("MSPB") because it lacked enforcement authority over the National Guard. Compl. at Exh 35 pp. 348-352. Mr. Menke was notified of his right to submit comments regarding the preliminary determination to the OSC. Id. Mr. Menke filed a petition before the MSPB on 18 April, 2002. Compl. at Exh 36 pgs. 353-363. The MSPB notified Mr. Menke on July 18, 2002 that it did not possess jurisdiction to entertain his claim for relief. Compl. at Exh 37 pp. 365-370.

Mr. Menke subsequently filed a tort claim with the Hill Air Force Base Legal Office pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 on November 18, 2002. Compl. at Exh 39 pp. 373-386. The claim was denied by the Air Force on November 21, 2003, because Mr. Menke's claim did not involve negligence by a Government employee acting within the scope of his or her employment; rather it involved a wrongful termination claim and breach of contract claim. Compl. at Exh 40 pp. 387-389. Additionally, the FTCA claim was barred by the statute of limitations because it was not filed within two years of the injury. The injury, termination of his employment as a title 32 National Guard technician, occurred on December 20, 1999, and, consequently, the claim was not timely. Id.

On May 21, 2004, following the decision on his FTCA claim against the Air Force, Mr. Menke again filed suit in Federal district court, arguing that his administrative remedies had been exhausted. DA 12-22, 24. The parties ultimately agreed that the case would be stayed pending the decision of the Air Force Board of Correction of Military Records (AFBCMR). DA 24, 26-27.

On October 2, 2007, Mr. Menke filed this action. At this time, Mr. Menke has not filed an application with the AFBCMR. DA 29.

## SUMMARY OF ARGUMENT

Mr. Menke's complaint should be dismissed because he has failed to plead the requisite money-mandating statute in order for this Court to possess jurisdiction. Furthermore, pursuant to 28 U.S.C. § 1500, this Court lacks jurisdiction to entertain this action because Mr. Menke has a case pending in Federal district court. Because his complaint in Federal district court and his complaint in this Court arise from the same operative facts, involve the same parties, and seek

the same relief, 28 U.S.C. § 1500, divests this Court of jurisdiction. Additionally, all of Mr. Menke's claims accrued on or before January 2001. Thus, his complaint filed on October 2, 2007, fails because it is barred by the statute of limitations. Finally, the Court also lacks jurisdiction to review Mr. Menke's case or grant relief because under the NGTA the Adjutant General of Utah retains exclusive authority to employ and administer civilian National Guard Technicians and to review appeals by separated technicians. Similarly, the Civil Service Reform Act of 1978 (CSRA) does not grant this Court jurisdiction to entertain claims for back pay.

## ARGUMENT

### I. Legal Standard Pursuant To RCFC 12(b)(1)

In ruling on RCFC 12(b) motions, the Court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989).

Once jurisdiction is challenged pursuant to RCFC 12(b)(1), a plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d at 747. A plaintiff must make only a prima facie showing of jurisdictional facts through the submitted material in order to defeat a motion to dismiss. Raymark Indus., Inc. v. United States, 15 Cl. Ct. 334, 338 (1988) (citing Data Disc., Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

If the undisputed facts reveal any possible basis on which the non-moving party might prevail, the Court must deny the motion. Scheuer, 416 U.S. at 236. However, if the motion

challenges the truth of the jurisdictional facts alleged in the complaint, the Court may consider relevant evidence in order to resolve the factual dispute. Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991). Any ambiguities regarding the existence of subject matter jurisdiction should be "resolved against the assumption of jurisdiction." Mars v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1373 (Fed. Cir. 1994) (citation omitted).

## II. The Court Lacks Subject Matter Jurisdiction To Entertain Mr. Menke' Claims

"Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of the plaintiff's claims." Deponte Invs., Inc. v. United States, 54 Fed. Cl. 112, 115 (2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Hambsch v. United States, 857 F.2d 763, 765 (Fed. Cir. 1988) ("When a court is without jurisdiction to hear a case, it is correspondingly without authority to decide the merits of a case."), cert. denied, 490 U.S. 1054 (1989). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. at 94 (quoting Ex Parte McCardle, 74 U.S. 506, 514 (1869).

### A. Mr. Menke Has Failed To Plead A Money-Mandating Statute Or Regulation

In order to properly state a claim pursuant to 28 U.S.C. § 1491 in this Court, Mr. Menke must point to "a substantive right in the Constitution, an act of Congress, or an executive department regulation on which to base his claim. Dehne v. United States, 970 F.2d 890, 893 (Fed. Cir. 1992). The substantive right alleged must be one that mandates the payment of

money. Id., citing United States v. Mitchell, 463 U.S. 206, 216-217 (1983); United States v. Testan, 424 U.S. 392, 400 (1976).

Mr. Menke's complaint cites 10 U.S.C.§ 1552 and United States Department of Defense Directive (DODD) 1332.41[3] as the jurisdictional basis upon which this Court's authority rests to entertain his complaint. Compl. ¶ 1. Section 1552 of title 10, which provides for the correction of military records, is not money-mandating in this case. Martinez v. United States, 333 F.3d 1295, 1315 (Fed. Cir. 2003) (en banc); Ancman v. United States, 77 Fed. Cl. 368, 374 (2007). A review of that statute's implementing directive, DODD 1332.41, demonstrates that it too does not mandate the payment of money. Accordingly, Mr. Menke's failure to cite to a money-mandating statute is fatal to his case and his complaint must be dismissed.

**B. Pursuant to 28 U.S.C. § 1500, Mr. Menke's Claim Filed In The United States District Court For The District Of Utah, Divests This Court Of Jurisdiction**

Mr. Menke filed a claim in the United States District Court for the District of Utah on May 21, 2004 that is similar to the one he filed in this Court. See DA 12-22. Consequently, even if Mr. Menke had a money-mandating source that would enable this Court to entertain his complaint, this Court would nevertheless be required to dismiss Mr. Menke's complaint pursuant to 28 U.S.C. § 1500. The subject matter jurisdiction of this Court as set forth in the Tucker Act, 28 U.S.C. § 1491, is narrowed by 28 U.S.C. § 1500, which creates an exception to the general

---

[3] Mr. Menke's complaint actually cites to Department of Defense Instruction (DODI) 1332.41 as a regulatory basis for this Court's jurisdiction. We could not locate DODI in the Pentagon's directive website. We did however locate DoD Directive 1332.41, Boards for Correction of Military Records (BCMRs) and Discharge Review Boards (DRBs), March 8, 2004, and assume that it is this directive upon which Mr. Menke intended to rely.

Tucker Act jurisdiction. Harbuck v. United States, 58 Fed. Cl. 266, 267-68, aff'd, 378 F.3d 1324 (Fed. Cir. 2004).

Section 1500 of Title 28 of the United States Code provides that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500; see also Keene Corp. v. United States, 508 U.S. 200 (1993); Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc). The policies underlying section 1500 are "to force plaintiffs to choose between pursuing their claims in the Court of [Federal] Claims or in another court," and to "protect the United States from having to defend two lawsuits over the same matter simultaneously." Spodek v. United States, 170 F.3d 1084, 1090-91 (Fed. Cl. 1999) (citations omitted). See also Bailey v. United States, 46 Fed. Cl. 187, 193 (2000) ("[T]he purpose of section 1500 is to prohibit the filing and prosecution of the same claims against the United States at the same time.").

It is beyond dispute that Mr. Menke's complaint in Federal district court is based upon the same operative facts as his present claims here, and he is seeking similar relief in both Courts.[4] Accordingly, because the Federal district court proceeding in Utah was pending at the time this case was filed, and remains pending, this Court lacks jurisdiction to entertain Mr. Menke's complaint and cannot grant him the relief he seeks.

---

[4] "[I]t is 'operative facts' and not legal theories by which claims may be distinguished under § 1500 when the same relief– money damages– is sought." Harbuck, 378 F.3d at 1329 (citing Loveladies Harbor, 27 F.3d at 1549).

**C. Mr. Menke's Complaint Also Is Barred By The Statute Of Limitations**

In the event that Mr. Menke's complaint was not barred pursuant to the provisions of 28 U.S.C. § 1500, his case would still be barred by the statute of limitations set forth in section 2501 of tile 28 of the United States Code. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. The issue of whether a claim falls within this six-year period is a matter of subject matter jurisdiction. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1354 (Fed. Cir. 2006) (holding that "[t]he six-year statute of limitations set forth in section 2501 is a jurisdictional requirement for a suit in the Court of Federal Claims"), cert. granted, 127 S. Ct. 2877 (2007). Compliance with section 2501 is one of the terms and conditions upon which the United States has waived its sovereign immunity and consented to suit. United States v. Kubrick, 444 U.S. 111, 117 (1979); United States v. Sherwood, 312 U.S. at 586 ("The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.""); Hart v. United States, 910 F.2d 815, 817-18 (Fed. Cir. 1990). "Compliance with the statute of limitations, in this court, is an explicit jurisdictional prerequisite for the commencement of suit." Coon v. United States, 30 Fed. Cl. 531, 534, aff'd, 41 F.3d 1520 (Fed. Cir. 1994); Bevelheimer v. United States, 4 Cl. Ct. 558, 561 (1984) ("The statute of limitations is to be interpreted in light of its function of giving consent for the government to be sued."); Parker v. United States, 2 Cl. Ct. 399, 402 (1983). Accordingly, section 2501 is strictly construed and this Court cannot waive compliance with its provisions. See Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983); Soriano v. United States, 352 U.S. 270, 273-74 (1957).

To prove that his claim is not time barred, Mr. Menke must show that his claim accrued within six years of the date that he "was denied the pay to which he claims entitlement." Martinez v. United States, 333 F.3d at 1314. This is because for the purposes of section 2501, a cause of action accrues "when all events which fix the government's liability have occurred and the plaintiff was or should have been aware of their existence." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988). See also Colon v. United States, 35 Fed. Cl. 515, 517-18 (1996). "Stated differently, a claim has accrued when the last event transpires that gives plaintiff a cause of action." Adams v. United States, 46 Fed. Cl. 834, 838, aff'd, 243 F.3d 560 (Fed. Cir. 2000), cert. denied, 533 U.S. 961 (2001).

Mr. Menke was effectively discharged from the Utah Air National Guard on January 9, 2001, when his enlistment expired. See Compl. at Exh 1 pgs. 34-36 and Exh 29 pgs. 321-322 (showing Honorable discharge); Compl. at Exh 22 pgs. 281-282 (denying reenlistment).
The Federal Circuit specifically established a bright line rule that "a claim based on an alleged unlawful discharge from the military service accrues on the date of discharge." Hurick v. Lehman, 782 F.2d 984, 986 (Fed. Cir. 1986), citing Wilson v. United States, 231 Ct. Cl. 958 (1982)); see also, Maclean v. United States, 454 F.3d 1334, 1336 (Fed. Cir. 2006); Bonen v. United States, 229 Ct. Cl. 144, 666 F.2d 536, cert. denied, 456 U.S. 991 (1981). Thus, Mr. Menke's cause of action accrued on January 9, 2001, and he had until January 8, 2007 to file his complaint. Mr. Menke filed his complaint on October 2, 2007, and therefore, his claim is time-barred.

**D. The NGTA Bars Review Of Mr. Menke's Complaint**

Even if Mr. Menke did not have a similar claim pending in Federal district court, and also had filed his action within the Court's six-year statute of limitations, this Court would still be required to dismiss Mr. Menke's complaint because the NGTA precludes review of his claim for wrongful discharge. Alexander v. United States, 52 Fed. Cl. 710 (2002).

Mr. Menke's claim is remarkably similar to Mr. Alexander's case. Mr. Alexander filed suit in this Court alleging violations of due process and equal protection, as well as violations of the National Guard Technicians Act of 1968 ("NGTA"), 32 U.S.C. § 709, after he was removed from his position as a National Guard Technician by the Michigan Adjutant General. Alexander, 52 Fed Cl. at 712. Mr. Alexander sought retroactive reinstatement in the Michigan Air National Guard and back pay under the Back Pay Act, 5 U.S.C. § 5596. Id. Alternatively, Mr. Alexander sought severance pay under 5 U.S.C. § 5595(b). Id.

This Court ruled that it lacked subject-matter jurisdiction to entertain all of Mr. Alexander's claims except his claim for severance pay.[5] Id. at 715-717. First, the Court explained that "the NGTA reserves to the adjutant generals exclusive jurisdiction over appeals by technicians who have been separated from civilian employment . . . due to a reduction in force, removal, or an adverse employment action involving discharge, suspension, furlough, or reduction in rank or compensation." Id. at 715; see 32 U.S.C. § 709(f)(4) ("a right of appeal . . . shall not extend beyond the adjutant general of the jurisdiction concerned"). Second, the Court ruled that the Civil Service Reform Act of 1978 ("CSRA"), as interpreted by the United States

[5] Mr. Menke's complaint does not appear to be seeking severance pay. However, if Mr. Menke is seeking severance pay, as explained above, the Court is barred from deciding that issue pursuant to 28 U.S.C. § 1500 and 28 U.S.C. § 2501.

Supreme Court in United States v. Fausto, 484 U.S. 439 (1988),[6] precludes National Guard technicians "from seeking any judicial review of removal decisions." Id. at 716; see 5 U.S.C. § 7511(b)(5) (CSRA judicial remedy "does not apply to an employee . . . who is described in section 8337(h)(1), relating to technicians in the National Guard"). Accordingly, the Court dismissed Mr. Alexander's back-pay and reinstatement claims.[7] Id.

---

[6] When Congress enacted the CSRA in 1978, it "established a comprehensive system for reviewing personnel action taken against federal employees." Fausto, 484 U.S. at 455. The CSRA "prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." Id. at 443. As originally enacted, however, "[n]o provision of the CSRA [gave] nonpreference members of the excepted service the right to administrative or judicial review of suspension for misconduct." Id. In Fausto, the Supreme Court explained that the absence of such a provision in the CSRA's otherwise "elaborate new framework" reflected "a congressional judgment that those employees should not be able to demand judicial review for the type of personnel action covered by that chapter." Id. at 443, 448 (internal quotation marks omitted). Consistent with Congress's judgment, therefore, the Court held that the Claims Court (the predecessor to this Court) lacked subject-matter jurisdiction over a back-pay claim brought by a nonpreference member of the excepted service. Id. at 455. After Fausto, Congress amended the CSRA in 1990 to allow certain nonpreference members of the excepted service to appeal adverse decisions to the Merit Systems Protection Board, and then to the Federal Circuit. See 5 U.S.C. § 7513(d). The 1990 amendments, however, specifically excluded National Guard Technicians from the administrative and judicial remedies made available to other excepted service personnel. See 5 U.S.C. § 7511(b)(5) (CSRA judicial remedy "does not apply to an employee . . . who is described in section 8337(h)(1), relating to technicians in the National Guard").

[7] In an unpublished per curiam opinion, the Federal Circuit affirmed this Court's decision. Alexander v. United States, 143 Fed. Appx. 340, 2005 WL 1812983 (Fed. Cir. 2005). Mr. Alexander's petition for writ of certiorari was denied on March 6, 2006. Alexander v. United States, 547 U.S. 1005 (2006). Furthermore, since the 1990 amendments to the CSRA, the courts of appeals have uniformly held that the exclusion of National Guard Technicians establishes Congress's intent to preclude judicial review of decisions involving removal of such technicians from their positions. See Best v. Adjutant Gen., 400 F.3d 889, 893 (11th Cir. 2005) ("[T]he CSRA precludes review under the APA of [plaintiff's] termination from his National Guard technician position."); Leistiko v. Stone, 134 F.3d 817, 820 (6th Cir. 1998) ("[T]he Civil Service Reform Act, as construed by the Supreme Court in Fausto and the Federal Circuit in Booth, precludes judicial review of adverse personnel actions involving technicians employed under the National Guard Technicians Act."); Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993) (dismissing National Guard technician's breach of employment claim because CSRA

Mr. Menke's complaint should meet the same fate as Mr. Alexander's. This is because, "[w]hile the Court of Federal Claims has jurisdiction to order reinstatement 'as an incident of or collateral to' a judgment in a plaintiff's favor, 28 U.S.C. § 1491(a)(2) (2000), it is axiomatic that in order to award back pay and associated reinstatement the court must have the power to review the personnel action so as to determine whether it was unjustified or unwarranted." Id. at 714. Accordingly, Mr. Menke's complaint, seeking review of a decision to remove him from his position as a National Guard Technician, should be dismissed upon this alternative basis.[8]

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss Mr. Menke's complaint for lack of subject matter jurisdiction.[9]

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

---

and Fausto precluded judicial review).

[8] Likewise, Mr. Menke's claim seeking reinstatement in the Utah National Guard, is properly viewed as seeking an order from the Court requiring the Governor of the state militia to exercise a function of the state, and reappoint the plaintiff as a member in a state organization. This is beyond the Court's jurisdictional authority. See Singleton v. Merit Systems Protection Board, 244 F.3d 1331, 1336 (Fed. Cir. 2001) (finding the MSPB does not have jurisdiction to order the Governor or the Adjutant General of the Ohio National Guard to take action against an Ohio guardsman who was also a National Guard Technician). It is well settled that members of a state's National Guard are not Federal actors. In Maryland v. United States, 381 U.S. 41, 45 n. 5 (1965), vacated on other grounds, 382 U.S. 159 (1965), the Supreme Court approved a line of cases which held that military members of the Guard are state employees. Thus, members of the National Guard do not become Federal actors, or come under the control of the United States until they are formally called into the military service of the United States.

[9] In the event the Court denies our motion to dismiss the complaint, we respectfully request 45 days to file a response.

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

OF COUNSEL:

CAPTAIN STEVEN R. SNORTLAND
Trial Attorney
General Litigation Branch
Military Personnel Division
1501 Wilson Blvd. Seventh Floor
Arlington, VA 22209-2403
Tel: (703) 696-8507
Fax: (703) 696-8578

s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 307-0383
Fax: (202) 353-7988

November 30, 2007

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2007, a copy of the foregoing **"DEFENDANT'S MOTION TO DISMISS WITH APPENDIX"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle