CLOSED

**Electronic Case Filing System**
**District of Utah (Central)**
**CIVIL DOCKET FOR CASE #: 2:00-cv-00973-BSJ**

Menke v. UT Natl Guard, et al
Assigned to: Judge Bruce S. Jenkins
Demand: $2,000,000
Cause: 28:1343 Violation of Civil Rights

Date Filed: 12/20/2000
Date Terminated: 02/12/2002
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Ronald J. Menke**

represented by **Scott H. York**
QUINTANA & ASSOCIATES PC
3341 S 700 E
SALT LAKE CITY, UT 84106
(801)363-7726
Email: shyork@owlservices.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danny Quintana**
QUINTANA & ASSOCIATES PC
3341 S 700 E
SALT LAKE CITY, UT 84106
(801)363-7726
Email: danny_quintana@yahoo.com
*ATTORNEY TO BE NOTICED*

**Tyler B. Ayres**
8341 S 700 E
SANDY, UT 84070
(801)255-5555
Email: tbayres98@yahoo.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UT Natl Guard**

**Defendant**

**US Department of Defense**

represented by **Carlie Christensen**
US ATTORNEY'S OFFICE (UT)
SALT LAKE CITY, UT 00000
(801)524-5682

**DA 01**

Email: Carlie.Christensen@usdoj.gov
*TERMINATED: 10/09/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maggie H. Abuhaidar**
US ATTORNEY'S OFFICE (UT)
SALT LAKE CITY, UT 00000
(801)524-5682
Email: maggie.abuhaidar@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert Teinert**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/20/2000 | 1 | Complaint filed, assigned to Judge Ted Stewart Receipt no.: 109596 (Entered: 12/21/2000) |
| 01/05/2001 | 2 | Motion by Ronald J. Menke for immediate temporary restraining order , for preliminary injunction pursuant to Rule 65 , for Hearing on motion for preliminary injunction (alt) (Entered: 01/08/2001) |
| 01/08/2001 | | Memo of recusal signed by TS, 1/8/01 (ce) (Entered: 01/08/2001) |
| 01/08/2001 | | Case reassigned to Judge Bruce S. Jenkins (ce) (Entered: 01/08/2001) |
| 01/08/2001 | 3 | NTC of recusal of Judge Ted Stewart and reassignment to Judge Bruce S. Jenkins. cc: atty (alt) (Entered: 01/09/2001) |
| 01/08/2001 | 4 | Minute entry:, Discussion held. Crt recesses 2:50 PM, reconvenes 3:15 PM. Further, discussion held. Crt adjourns 3:30 PM, reconvenes 4:20 PM. Ms. Moore represents that Maj Moore will not move forward until disposition of the Crt. By agreement, status quo in effect with no order of discharge occurring until further disposition by the Crt. Crt schedules: Further, consideration Motion hearing set for 2:00 1/22/2001 for [2-1] motion for immediate temporary restraining order Mr. York to prepare & submit stip order. Judge: BSJ Court Reporter: Reeve Butler Court Deputy: Michael R. Weiler (mrw) (Entered: 01/09/2001) |
| 01/16/2001 | 5 | Motion by Ronald J. Menke to withdraw [2-1] motion for immediate temporary restraining order, [2-2] motion for preliminary injunction pursuant to Rule 65, [2-3] motion for Hearing on motion for preliminary injunction (ksp) (Entered: 01/17/2001) |
| 05/10/2001 | 6 | Notice of Hearing filed : status conference set for 1:20 on 5/18/01 To be held before Judge Bruce S. Jenkins cc:atty ( Ntc generated by: Chambers BSJ, KS.) (jmr) (Entered: 05/10/2001) |
| 05/18/2001 | 7 | Minute entry:, Cnsl reports that matters with parties other than DoD have |

DA 02

| | | |
|---|---|---|
| | | been resolved. Cnsl to file amended cmplt today & serve on U.S. Judge: BSJ Court Reporter: Reeve Butler Court Deputy: Michael R. Weiler (mrw) (Entered: 05/21/2001) |
| 06/15/2001 | 8 | Amended complaint by Ronald J. Menke. Amends [1-1] complaint (jmr) (Entered: 06/18/2001) |
| 08/01/2001 | 9 | Notice of Hearing filed Status Report and Scheduling Conference set for 2:30 on 10/31/01 To be held before Judge Bruce S. Jenkins cc:atty ( Ntc generated by: Chambers BSJ, KS.) (jmr) (Entered: 08/01/2001) |
| 08/06/2001 | 10 | Amended Notice of Hearing filed Status Report and Scheduling Conference reset for 2:30 8/31/01 To be held before Judge Bruce S. Jenkins cc:atty ( Ntc generated by: BSJ, KS.) (jmr) (Entered: 08/06/2001) |
| 08/09/2001 | 11 | Amended Notice of Hearing filed : Status Report and Scheduling Conference set for 2:00 on 8/27/01 To be held before Judge Bruce S. Jenkins cc:atty ( Ntc generated by: Chambers BSJ, KS.) (jmr) (Entered: 08/09/2001) |
| 08/27/2001 | 12 | Minute entry:, Discussion held. Cnsl file Attys Planning Meeting Report filed with the Crt. Crt schedules: Further, Status Report and Scheduling Conference set for 1:30 11/5/2001 ; Judge: BSJ Court Reporter: Reeve Butler Court Deputy: Michael R. Weiler (mrw) (Entered: 08/28/2001) |
| 08/27/2001 | 13 | REPORT of Attorney Planning Meeting (asp) (Entered: 08/28/2001) |
| 10/09/2001 | 14 | Answer by US Dept Defense to amended complaint (blk) (Entered: 10/11/2001) |
| 10/11/2001 | | Clerk's mailing of certificate of acknowledgement of alternative dispute resolution option. Mailed to plaintiff Ronald J. Menke, defendant US Dept Defense (blk) (Entered: 10/11/2001) |
| 10/17/2001 | 15 | Certificate of election filed by defendant US Dept Defense Refer to: normal litigation track (kvs) (Entered: 10/17/2001) |
| 11/01/2001 | 16 | Certificate of service by Ronald J. Menke (no specific service indicated) (ce) (Entered: 11/02/2001) |
| 11/05/2001 | 17 | Certificate of election filed by plaintiff Ronald J. Menke Refer to: Mediation. (ce) (Entered: 11/05/2001) |
| 11/05/2001 | 18 | Minute entry:, Discussion held. Crt schedules: scheduling order deadlines: setting stip PTO due on 4/24/2002 All Discovery deadline on 1/31/2002 Deadline for filing of all post-discovery motions by 2/15/2002 Final Pretrial Conference for 1:30 4/26/2002 ; Judge: BSJ Court Reporter: Reeve Butler Court Deputy: Michael R. Weiler (mrw) (Entered: 11/06/2001) |
| 11/26/2001 | 19 | Motion by US Dept Defense for summary judgment (kvs) (Entered: 11/27/2001) |
| 11/26/2001 | 20 | Memorandum by US Dept Defense in support of [19-1] motion for summary judgment (kvs) (Entered: 11/27/2001) |

DA 03

| | | |
|---|---|---|
| 11/26/2001 | 21 | Motion by US Dept Defense for leave to file overlength memo (kvs) (Entered: 11/27/2001) |
| 11/26/2001 | | Declaration of Jack Wall Re: [21-1] motion for leave to file overlength memo, [20-1] support memorandum, [19-1] motion for summary judgment (kvs) (Entered: 11/27/2001) |
| 11/26/2001 | 22 | Declaration of Jack Wall in support of motion for summary judgment (kvs) (Entered: 11/27/2001) |
| 11/26/2001 | 23 | Declaration of B. Lynn Peterson in support of [19-1] motion for summary judgment (kvs) (Entered: 11/27/2001) |
| 11/26/2001 | 24 | Declaration of Maggie H. Abuhaidar, AUSA in support of [19-1] motion for summary judgment (kvs) (Entered: 11/27/2001) |
| 11/26/2001 | 25 | Declaration of Carol Elkins in support of [19-1] motion for summary judgment (kvs) (Entered: 11/27/2001) |
| 11/27/2001 | 26 | Order granting [21-1] motion for leave to file overlength memo; signed by Judge Bruce S. Jenkins, 11/27/01 cc:atty (alt) (Entered: 11/28/2001) |
| 11/30/2001 | 27 | Notice of Hearing filed : Motion hearing set for 1:30 on 1/28/02 for [19-1] motion for summary judgment To be held before Judge Bruce S. Jenkins cc:atty ( Ntc generated by: Chambers BSJ, KS.) (jmr) (Entered: 11/30/2001) |
| 12/29/2001 | 28 | Motion by Ronald J. Menke to extend time to respond to the motion for summary judgment filed by dft (blk) (Entered: 01/02/2002) |
| 01/10/2002 | 29 | Memorandum by Ronald J. Menke in opposition to [19-1] motion for summary judgment (ce) (Entered: 01/11/2002) |
| 01/14/2002 | 30 | Order granting [28-1] motion to extend time to respond to the motion for summary judgment filed by dft to 1/10/02. Signed by Judge Bruce S. Jenkins, 1/8/02 cc:atty (alt) (Entered: 01/14/2002) |
| 01/25/2002 | 31 | Reply by US Dept Defense to response to [19-1] motion for summary judgment (jmr) (Entered: 01/28/2002) |
| 01/28/2002 | 32 | Minute entry:, Argument & discussion heard. Crt rules: dismisses, each of the actions, without prejudice Ms. Abuhaidar to prepare & submit order. Judge: BSJ Court Reporter: Reeve Butler Court Deputy: Michael R. Weiler (mrw) (Entered: 01/29/2002) |
| 02/12/2002 | 33 | Order granting [19-1] motion for summary judgment, jgm granted in favor of dft US Dept of Defense and against pla on all claims and case is closed. Signed by Judge Bruce S. Jenkins, 2/12/02 cc:atty (alt) (Entered: 02/13/2002) |
| 02/12/2002 | | Case closed per order no. 33 (alt) (Entered: 02/14/2002) |
| 07/08/2002 | 34 | Motion by Ronald J. Menke for reconsideration of [33-1] order dismissing Pla's complaint (blk) (Entered: 07/16/2002) |
| | | |

DA 04

| | | |
|---|---|---|
| 07/08/2002 | 35 | Memorandum by Ronald J. Menke in support of [34-1] motion for reconsideration of [33-1] order dismissing Pla's complaint (blk) (Entered: 07/16/2002) |
| 07/11/2002 | 36 | Notice of Hearing filed by plaintiff Ronald J. Menke : Motion hearing set for 2:30 8/12/02 for [34-1] motion for reconsideration of [33-1] order dismissing Pla's complaint To be held before Judge Bruce S. Jenkins cc:atty ( Ntc generated by: BSJ chambers) (blk) (Entered: 07/16/2002) |
| 07/18/2002 | 37 | Memorandum by US Dept Defense in opposition to pla's [34-1] motion for reconsideration of [33-1] order dismissing Pla's complaint (ce) (Entered: 07/19/2002) |
| 08/07/2002 | 38 | Withdrawal of [34-1] motion for reconsideration of [33-1] order dismissing Pla's complaint. (jmr) (Entered: 08/07/2002) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/13/2007 12:15:21 | | | |
| **PACER Login:** | af0534 | **Client Code:** | JACL/SNORTLAND |
| **Description:** | Docket Report | **Search Criteria:** | 2:00-cv-00973-BSJ |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

DA 05

FILED
DISTRICT COURT

STEPHEN J. SORENSON, Acting United States Attorney (#3049)
MAGGIE H. ABUHAIDAR, Assistant United States Attorney (#9203)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

12 FEB 02 AM 11:39
DISTRICT OF UTAH
BY: DEPUTY CLERK

2002 FEB -8 P 5:09
U.S. DISTRICT COURT
DISTRICT OF UTAH
RECEIVED

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

OFFICE OF U.S. DISTRICT JUDGE
BRUCE S. JENKINS

| | | |
|---|---|---|
| RONALD J. MENKE,<br><br>Plaintiff,<br><br>vs.<br><br>UTAH AIR NATIONAL GUARD, U.S. DEPARTMENT OF DEFENSE, and ROBERT TEINERT,<br><br>Defendants. | : | Case No.: 2:00 CV 973J<br>Hon. Bruce S. Jenkins<br><br>**ORDER** |

This matter having come before the Court on Defendant United States Department of Defense's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56; and the Court having carefully considered the parties' written submissions; and the Court having heard oral argument from both parties on the Motion on January 28, 2002; and for good cause shown,

IT IS ORDERED that Plaintiff's First Cause of Action for Breach of Contract is dismissed for lack of subject matter jurisdiction because because the Little Tucker Act limits this Court's jurisdiction over any contract claim to $10,000, 28 U.S.C. §§ 1346(a)(2), 1491(a), and Plaintiff is claiming in excess of $10,000; and



3

IT IS FURTHER ORDERED that Plaintiff's Second Cause of Action for Wrongful Termination pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., is dismissed for failure to file an administrative claim as required by 28 U.S.C. § 2675(a), which deprives this Court of subject matter jurisdiction; and

IT IS FURTHER ORDERED that Plaintiff's Second Cause of Action for Wrongful Termination pursuant to 42 U.S.C. § 1983 is dismissed for lack of subject matter jurisdiction; and

IT IS FURTHER ORDERED that Plaintiff's Third Cause of Action for violation of the Whistleblower Protection Act of 1989, Pub.L. No. 101-12, 103 Stat. 16 (1989), is dismissed for failure to exhaust administrative remedies as required by 5 U.S.C. § 1214, which deprives this Court of subject matter jurisdiction; and

IT IS FURTHER ORDERED that judgment is granted in favor of Defendant United States Department of Defense and against Plaintiff Ronald J. Menke on all claims; and

IT IS FURTHER ORDERED that this case is closed.

DATED this 12th day of February 2002

Hon. BRUCE S. JENKINS
United States District Judge

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing **Proposed Order** was mailed via facsimile and via first-class mail, postage prepaid to the parties named below, this 30th day of January 2002.

Scott H. York, Esq.
Danny Quintana & Associates, P.C.
68 South Main Street
Suite 600
Salt Lake City, Utah 84101

alt

United States District Court
for the
District of Utah
February 13, 2002

* * CERTIFICATE OF SERVICE OF CLERK * *

Re: 2:00-cv-00973

True and correct copies of the attached were either mailed or faxed by the clerk to the following:

Scott H. York, Esq.
DANNY QUINTANA & ASSOCIATES PC
68 S MAIN STE 600 MCINTYRE
SALT LAKE CITY, UT 84101
JFAX 9,5214625

Maggie L. Abuhaidar, Esq.
US ATTORNEY'S OFFICE
,
JFAX 9,5246924

**ORIGINAL**

-7 AUG 02 AM 11:54

Scott H. York, Bar No. 8120
Tyler Ayres, Bar No. 9200
QUINTANA & YORK, PC
3341 S. 700 E.
Salt Lake City, Utah 84106
(801) 363-7726 Telephone
(801) 521-4625 Facsimile
shyork@owlservices.net
tayres@owlservices.net

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| RONALD J. MENKE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | **NOTICE OF WITHDRAWAL OF MOTION TO RECONSIDER**<br><br>Civil No. 2:00-CV-0973-J<br><br>Judge Bruce S. Jenkins |

Plaintiff, Ronald J. Menke, by and through counsel, Scott H. York, QUINTANA & YORK, PC, hereby respectfully provides notice of withdrawal of his Motion for Reconsideration filed on or about June 29, 2002. Plaintiff requests that the scheduled hearing on the aforementioned motion be stricken from the Court's August 12, 2002, 2:30 pm calendar.

Dated this 5th day of August 2002.

Quintana & York, P.C.

Scott H. York
Attorney for Plaintiff Ronald J. Menke

38

**PROOF OF SERVICE**

I HEREBY CERTIFY that on this 6th day of August, 2002, I mailed, delivered by first-class mailed postage prepaid, a true and correct copy of the forgoing **Notice of Withdrawal of Motion to Reconsider** along with the supporting memoranda:

Clerk of Court
U.S. District Court – Central Division
250 S. Main street
Salt Lake City, Utah 84101

Maggie H. Abuhaidar
U.S. District Attorney
185 South State Street, Suite 400
Salt Lake City, Utah 84111

Summer Bennion
Paralegal
Quintana & York, P.C.

FILED
21 MAY 04 PM 4:22
DISTRICT OF UTAH
BY: ______

ORIGINAL

Scott H. York, Bar No. 8120
QUINTANA & YORK, PC
3341 South 700 East
Salt Lake City, Utah 84106
(801) 363-7726 Telephone
(801) 521-4625 Facsimile
shyork@owlservices.net

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| RONALD J. MENKE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES (DEPT. OF DEFENSE),<br><br>Defendant. | **COMPLAINT**<br><br>Judge Dee Benson<br>DECK TYPE: Civil<br>DATE STAMP: 05/21/2004 @ 16:14:03<br>CASE NUMBER: 2:04CV00472 DB |

COMES NOW Plaintiff Ronald J. Menke, by and through counsel Scott H. York, of Quintana & York, PC, who hereby complains and avers as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper pursuant to 5 U.S.C.A § 702, 28 U.S.C.A. §§ 1331, 1346 & 1361. The acts and actions complained of involve questions of federal law and agents or employees of the United States and the amount in controversy exceeds $100,000.

2. Venue in this Court is proper because the acts and actions complained of took place within the State of Utah.

## GENERAL ALLEGATIONS

3. On or about September 17, 1999, Plaintiff was an enlisted member of the Utah Air National Guard.

4. On or about September 17, 1999, Plaintiff was employed by the United States Department of Defense [DOD], under the supervision and control of the Utah Air National Guard [UTANG], as a Title 32 Aircraft Engine Mechanic, WG-8602-10. A Title 32 employee is technically a civilian position that requires military enlistment to obtain and hold.

5. Pursuant to 32 U.S.C.A. § 709(e), a national guard technician such as the Plaintiff and acting in his civilian capacity "is an employee of . . . the Department of the Air Force . . . and an employee of the United States."

6. Pursuant to 32 U.S.C.A § 709(d), Adjutant General James M. Miller was designated by the Secretary of the Air Force to "employ and administer" Utah Air National Guard Technicians such as Plaintiff.

7. On or about September 17, 1999, an allegation was made that Plaintiff threatened co-worker TSGT Robert Teinert [Teinert] during off-duty hours.

8. On or about November 19, 1999, SMSGT Chapman issued a Proposed Notice of Removal in violation of TPR 752 § 2-15; charging Plaintiff with: "(a) Creating a disturbance by threatening to inflict bodily harm resulting in an adverse effect on morale, production and maintenance of proper discipline. (TPR, Table A-5, Rule 9), [and] (b) Use of insulting, abusive, offensive, or obscene language. (TPR 752, Table A-2, Rule 10b)." SMSGT Chapman was

Plaintiff's third-level supervisor. Plaintiff's immediate supervisor did not initiate the adverse action as required.

9. On or about December 20, 1999, Squadron Commander LTC Reutlinger affirmed the recommendation, thus terminating Plaintiff from his civilian technician position.

10. On or about May 17, 2000, M.G. James M. Miller (the Adjutant General) determined to impose the recommended action of terminating Plaintiff's civilian employment with UTANG.

11. Plaintiff did not receive notice of UTANG's final determination to terminate his civilian employment until approximately November 20, 2000. Plaintiff did not receive notice of his termination directly but was prompted to seek out this final determination after receiving a "Notification of Intent to Discharge" from military service on or about October 4, 2000, which referenced the termination of Plaintiff's civilian employment. The cited reasons for discharging and labeling Plaintiff as "Ineligible for Reenlistment" are stated as; "Failure to meet Air Force standards of performance and to demonstrate the qualities of leadership required as a Non-commissioned Officer."

12. While Plaintiff was appealing his termination from civilian employment to the Adjutant General, UTANG prohibited Plaintiff from entering the premises of the military installation where he worked. Due to Plaintiff's inability to enter the 'Base', Plaintiff was also prohibited from completing the 'drills' required by his military enlistment.

13. UTANG, acting through the Adjutant General, then found that by failing to complete these drills Plaintiff had 'failed to meet Air Force standards of performance' in his military capacity. UTANG further cited an alleged refusal to follow orders and regulations, specifically

the Adjutant General's "Policy Letter 99-31, Violence in the Workplace", to justify Plaintiff's "General Discharge – Under Other than Honorable Conditions."

14. UTANG intentionally attempted to discharge Plaintiff after 17 years, 364 days of faithful and distinguished service to the United States of America. This is one day before the natural expiration of his pervious term of enlistment and one day short of the 18 years necessary for Plaintiff to become vested in his retirement benefits.

15. On or about October 4, 2000. Plaintiff filed a demand for court marshal to challenge his military discharge but was never afforded the mandatory hearing, or provided with the military counsel that he requested. UTANG issued no response to Plaintiff's demand for a court marshal.

16. On or about December 20, 2000, Plaintiff filed a complaint naming UTANG, Teinert, and the U.S. Department of Defense. With Plaintiff's dishonorable discharge imminent, Plaintiff filed a motion for Immediate Temporary Injunctive Relief on or about January 5, 2001.

17. Hearing on the Motion was held on or about January 7, 2001, and a stipulated agreement was entered into between then defendant UTANG and Plaintiff on the same date. Pursuant to this agreement, UTANG promised to grant Plaintiff an "honorable" discharge and "re-enlistable" status, and to refrain from discharging him prior to the vesting of his retirement benefits. In return, Plaintiff agreed to amend his complaint in the above-entitled action to withdraw his claims against UTANG and Teinert.

18. On or about February 12, 2002, the US District Court in and for the State of Utah, dismissed Plaintiff's initial complaint primarily because of DOD's assertion that Plaintiff had not exhausted his administrative remedies; despite the plain language of 32 U.S.C.A 709(f)(5) and

the Adjutant General's ruling that "there is no further administrative review of the Adjutant General's final decision."

19. Nevertheless, at the direction of the Office of the Adjutant General, Plaintiff filed a claim with the Merit Systems Protection Board (DE-3443-02-0213-I-1) on or about March 23, 2002. Also, on or about March 25, 2002. Plaintiff also filed a claim with the Office of the Special Counsel.

20. On or about April 30. 2002, the Office of the Special Counsel declined to pursue Plaintiff's claims; rather, urging that Plaintiff had a "right to seek corrective action from the Merit Systems Protection Board (MSPB)." On or about July 18. 2002, the MSPB dismissed Plaintiff's claim for lack of subject jurisdiction and encouraged the Plaintiff to go back to the Adjutant General's Office.

21. On or about November 18, 2002. Plaintiff filed a new claim with the Office of the Adjutant General. On or about November 21. 2003, the Adjutant General Office again denied Plaintiff's claim, and again stated that this ruling was a final determination.

22. Prior to his civilian termination, Plaintiff received compensation and benefits as a federal employee in his position as a civilian technician (WG-10). This compensation was mandated by Congress under 5 USCA §§ 5332 & 5341, among others.

23. Prior to his military discharge. Plaintiff received compensation and benefits as an Air National Guard Staff Sergeant (E-5). This compensation was mandated by Congress under 37 USCA § 1009, among others.

**FIRST CAUSE OF ACTION**
**(Violation of Federal Law)**

24. Plaintiff reiterates the allegations made in paragraphs 1 through 23 and incorporates them herein by this reference.

25. Plaintiff is a Title 32 employee of defendant United States [US]; meaning that Plaintiff has dual employment status.

26. As a Title 32 employee and in his capacity as a civilian Air National Guard technician, Plaintiff is employed by the United States and can only be terminated from employment pursuant to 32 U.S.C.A. 709(f), to wit: "(1)(A) is separated from the National Guard or ceases to hold the military grade specified by the Secretary . . .: (B) fails to meet the military security standards established by the Secretary . . .; [or] (2) a technician may, at any time, be separated from his technician employment *for cause by the Adjutant General* of the jurisdiction concerned." 32 U.S.C.A. 709(f) (*emphasis added*).

27. For the purposes of a termination 'for cause' of a Title 32 technician, the Adjutant General acts as an agent of the United States. (*Chaudoin v. Atkinson*, 494 F.2d 1323 (3d Cir. 1974); *Costner v. Okla. Nat'l Guard*, 833 F.2d 905 (10th Cir. 1987)).

28. The Adjutant General authorized the termination of Plaintiff's employment as a civilian technician under 32 U.S.C. § 709 and Technician Personnel Regulation [TPR] No. 752.

29. The Adjutant General abused his discretion in finding the requisite 'cause' for termination under Section 709. and 'harmful error' occurred during the adverse action and

administrative hearing that lead to termination. 'Harmful error' is defined in Section 2-9 of TPR § 752.

30. There is insufficient evidence to support the Adjutant General's findings of fact and conclusions of law. Nor was there procedural due process afforded during Plaintiff's adverse action and administrative hearing.

31. Plaintiff was inadequately notified of the 'Zero Tolerance' policy, or its potential to provide the sole basis for Plaintiff's termination in contravention of TPR § 752.

32. Even if there were support to find that Plaintiff had committed the offense as charged, the Adjutant General unjustifiably departed from established policies and procedures to impose a penalty not available under TPR 752, and therefore abused his discretion in sentencing.

33. Furthermore, the penalty of termination does not conform to the 'reasonableness' and 'equal penalty for equal offense' requirements found in Technician Personnel Regulations. (TPR 752, §§ 2-19(b)(3), 3-3(a)(3), Appendix A-2, A-3 & A-4).

34. By improperly terminating Plaintiff in contravention of its own policies and procedures, and federal law, defendant DOD violated the separation 'for cause' requirement of 32 U.S.C. § 709 and the compensation mandates of 5 USCA §§ 5332, 5341 & 5343, among others.

35. Plaintiff has been directly and proximately damaged by the deprivation of his basic pay, retirement, benefits and other compensation for service as a civilian National Guard technician due to Defendant's violation of federal law.

36. Furthermore, Plaintiff has been consequently deprived of his basic pay, retirement benefits and other compensation for service as a member of the Utah Air National Guard, since

his suspension and ultimate discharge from military service stemmed directly from his termination as a civilian technician.

37. Defendant's termination directly lead to the deprivation of Plaintiff's military pay and benefits mandated under 37 USCA § 1009, among other federal law. Plaintiff was not discharged until January 6, 2001, but Defendant only paid him through April 2000 and actually garnished his federal income tax return to recover the wages that had been advanced for the month of May 2000. Plaintiff suffered further injury to other benefits and compensation attendant to his military enlistment.

38. But for his exclusion from the premises of the National Guard base, Plaintiff would have fulfilled the terms of his military enlistment ending January 2001 and would have reenlisted for additional 6-year terms until his mandatory retirement at the age of 59.5. Plaintiff is technically 'reenlistable' due to a litigation concession made by the Utah Attorney General's Office to avoid a permanent injunction. As a practical matter however, the Utah Air National Guard will not restore the Plaintiff to his former military position and rank because of the fact of his termination from his position as a civilian technician.

39. In addition to the deprivation of employment income and benefits derived from both civilian and military employment, Plaintiff's wrongful termination has irreparably damaged his reputation and earning capacity in the field constituting his highest and best earning potential. Employment opportunities for jet engine mechanics are very limited because of the few number of institutions who operate large aircraft and the negative employment reporting by the Defendant effectively excludes Plaintiff from a position of skilled employment in the industry.

40. The drastic reduction in pay combined with the derailment of his chosen profession, has resulted in the Plaintiff's severe emotional distress and the depletion of his retirement security. As is evidenced by his 18 years of service. Plaintiff intended to retain his dual employment status with UTANG until his compulsory retirement in 2015.

41. Vindication of Plaintiff's rights, restoration of his entitlements, and recovery of damages caused by Defendant's illegal acts required Plaintiff to incur substantial legal expenses and obligations which have resulted in the decimation of Plaintiff's assets and retirement capabilities, to which Plaintiff is entitled reimbursement.

42. Plaintiff has been damaged and injured by Defendant's violation of federal laws and regulations in a sum in excess of $100,000.00. the exact amount to be determined at trial.

THEREFORE, Plaintiff respectfully prays the Court for relief as follows:

1. For a finding that defendant US. by and through its duly appointed agent, violated federal law and in doing so wrongfully terminated Plaintiff from his position as a civilian Air National Guard technician;

2. For a finding that the wrongful termination resulted in the early discharge, deprivation of earnings and ongoing exclusion from enlistment in UTANG;

3. For a finding that Plaintiff suffered compensable damage to his wellbeing and reputation, and for loss of career, pain, suffering, and emotional distress;

4. For a finding that Plaintiff is entitled to monetary damages in excess of $100,000, the exact amount to be determined at trial;

DA 020

5. For an order reinstating Plaintiff in his former dual status position of employment with Defendant and with the same interests, benefits, seniority, time served, and opportunities as if Plaintiff had never been terminated or discharged;

6. For an order awarding Plaintiff his 'back wages' due from the period of his suspension from employment and military service;

7. For an award of reasonable attorney fees and costs incurred in the prosecution of this case; and,

8. For such other relief as the Court may deem just and appropriate in this matter.

DATED this 21st day of May, 2004.

QUINTANA & YORK, PC

Scott H. York
Attorney for Plaintiff Ronald J. Menke

DA 021

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that on this ______ day of ____________ 2004, I mailed first-class, postage pre-paid, a true and correct copy of the foregoing **Complaint** to the following:

Clerk of the Court
United States District Court
350 S. Main St. #150
Salt Lake City, UT 84101

Paul M. Warner
Attorney for Department of Defense
185 S. State Street, Suite #400
Salt Lake City, UT 84111

U.S Department of Defense
1000 Defense Pentagon
Washington, DC 20301-1000

Att: Civil Process Clerk
Office of U.S. Department of Justice
10th & Constitution, NW
Washington, DC Maryland 20530

Kory Larsen
Legal Secretary

CLOSED, STAYED

**Electronic Case Filing System**
**District of Utah (Central)**
**CIVIL DOCKET FOR CASE #: 2:04-cv-00472-DB**

Menke v. DOD, et al
Assigned to: Judge Dee Benson
Demand: $100,000
Cause: 05:0702 Administrative Procedure Act

Date Filed: 05/21/2004
Date Terminated: 05/16/2006
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Ronald J. Menke** represented by **Scott H. York**
QUINTANA & ASSOCIATES PC
3341 S 700 E
SALT LAKE CITY, UT 84106
(801)363-7726
Email: shyork@owlservices.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Department of Defense**
*TERMINATED: 10/18/2004*
represented by **Scott Patrick Bates**
LARRY H. MILLER GROUP
LEGAL DEPT
9350 S 150 E #1000
SANDY, UT 84070
(801)563-4143
*TERMINATED: 10/18/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**James G. Roche**
*Dr., in his official capacity as Secretary of the US Air Force*
represented by **Carlie Christensen**
US ATTORNEY'S OFFICE (UT)
SALT LAKE CITY, UT 00000
(801)524-5682
Email: Carlie.Christensen@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

DA 023

| | | |
|---|---|---|
| 05/21/2004 | 1 | Complaint filed, assigned to Judge Dee Benson Receipt no.: 138522 (ekg) (Entered: 05/24/2004) |
| 07/22/2004 | 2 | UNOPPOSED Motion by DOD to extend time until 8/26/04 for dfts to respond to plas complaint (kvs) (Entered: 07/26/2004) |
| 07/27/2004 | 3 | Order granting [2-1] motion to extend time until 8/26/04 for dfts to respond to plas complaint signed by Chief Judge Dee Benson , 7/27/04 cc:atty (kvs) (Entered: 07/27/2004) |
| 08/25/2004 | 4 | UNOPPOSED Motion by DOD to extend time until 9/27/04 to respond to complaint (kvs) (Entered: 08/26/2004) |
| 08/27/2004 | 5 | Order granting [4-1] motion to extend time until 9/27/04 to respond to complaint signed by Chief Judge Dee Benson , 8/26/04 cc:atty (kvs) (Entered: 08/30/2004) |
| 09/15/2004 | 6 | Motion by Ronald J. Menke to amend [1-1] complaint (kvs) (Entered: 09/15/2004) |
| 09/15/2004 | 7 | Memorandum by Ronald J. Menke in support of [6-1] motion to amend [1-1] complaint (kvs) (Entered: 09/15/2004) |
| 09/27/2004 | 8 | UNOPPOSED Motion by DOD to extend time until 10/27/04 to respond to complaint (kvs) (Entered: 09/27/2004) |
| 09/28/2004 | 9 | Order granting [8-1] motion to extend time until 10/27/04 to respond to complaint signed by Chief Judge Dee Benson , 9/27/04 cc:atty (kvs) (Entered: 09/29/2004) |
| 10/18/2004 | 10 | Order granting [6-1] motion to amend [1-1] complaint, to substitute named dft signed by Chief Judge Dee Benson, cc:atty (alt) (Entered: 10/19/2004) |
| 10/18/2004 | | Terminated party defendant DOD. Substituted defendant James G. Roche as named dft per order no. 10 (alt) (Entered: 10/19/2004) |
| 01/07/2005 | 11 | Stipulation by Ronald J. Menke, James G. Roche to stay pending the outcome of an administrative appeal (kvs) (Entered: 01/10/2005) |
| 01/11/2005 | 12 | Order granting [11-1] stipulation motion to stay pending the outcome of an administrative appeal (See order for details) signed by Chief Judge Dee Benson , 1/11/05 cc:atty (kvs) (Entered: 01/12/2005) |
| 01/11/2005 | | Action STAYED. (kvs) (Entered: 01/12/2005) |
| 02/15/2006 | 13 | SUBSTITUTION OF COUNSEL Carlie Christensen as counsel on behalf of James G. Roche. (Christensen, Carlie) (Entered: 02/15/2006) |

| PACER Service Center |
|---|
| **Transaction Receipt** |

DA 024

| 11/13/2007 12:13:49 | | | |
|---|---|---|---|
| **PACER Login:** | af0534 | **Client Code:** | JACL/SNORTLAND |
| **Description:** | Docket Report | **Search Criteria:** | 2:04-cv-00472-DB |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

**DA 025**

STEPHEN J. SORENSON, Acting United States Attorney (USB #3049)
SCOTT BATES, Assistant United States Attorney (USB # 8517)
185 South State Street, #400
Salt Lake City, Utah 84111-1538
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

FILED U.S. DISTRICT COURT 2005 JAN -7 P 4: 04 BY: DEPUTY CLERK

**Attorneys for the United States of America and Federal Defendants**

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| RONALD J. MENKE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES, DEPARTMENT OF DEFENSE,<br>Defendants. | Civil No. 2:04CV00472 DB<br><br>STIPULATED MOTION FOR STAY<br><br>Honorable Dee Benson |

---

The Defendants United States, Department of Defense, by and through counsel, Scott Bates, Assistant United States Attorney, and Plaintiff, Ronald J. Menke, by and through his counsel, Scott H. York (the "parties") have agreed to a proposed stay of the proceedings pending the outcome of an administrative appeal. Accordingly, the parties hereby move this Court for an order staying the proceedings in this case. The parties agree that at least some of Plaintiff's claims may be resolved if an appeal is taken before the Air Force Board For Correction of Military Records (AFBCMR) pursuant to 10 U.S.C. § 1552 and Department of Defense

Instruction 1332.41. Plaintiff intends to pursue his appeal immediately. A decision is anticipated in nine months.

WHEREFORE, the parties respectfully request that the proceedings be stayed and the filing date for Defendants to respond to Plaintiff's Complaint be extended until thirty days after the decision of the AFBCMR.

DATED this 7th day of January, 2005.

STEPHEN J. SORENSON
Acting United States Attorney

SCOTT BATES
Assistant United States Attorney

SCOTT H. YORK, Esq.
Attorney for Plaintiff

OF COUNSEL
MAJOR H. MARK PATTERSON, ESQ.
AFLSA/JACL, Employment Litigation Branch
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that a copy of the foregoing STIPULATED MOTION FOR STAY and PROPOSED ORDER, were mailed to the following on this 7th day of January, 2005.

Scott H. York, Esq.
Quintana & York, PC
3341 South 700 East
Salt Lake City, Utah 84106

Cindy L. Dobyns

UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RONALD J. MENKE | ) | |
| Plaintiff, | ) | 07-709C |
| v. | ) | |
| UNITED STATES | ) | |
| Defendants. | ) | |

**DECLARATION OF VICTOR R. DONOVAN**

I, Victor R. Donovan, employed by the United States Air Force at Andrews Air Force Base, Maryland where I am the Legal Advisor to the Air Force Review Boards Agency, the parent organization of the Air Force Board for Correction of Military Records (AFBCMR). I have held my present position since March 2002.

The Review Boards Agency currently uses a computerized case management and tracking system (CMTS) for case tracking. Pursuant to a request, I have queried that system for an application filed by Ronald J. Menke, social security number 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 both by name and by his social security number. The result of this query was no file found. This data base list would include any application filed after 1982. Accordingly, the AFBCMR has no record of this individual having filed an application with the AFBCMR.

Pursuant to 28 U.S.C. 1764, I declare under penalty of perjury that the foregoing is true and correct.

Victor R. Donovan
Legal Advisor
Air Force Review Boards Agency

November 13, 2007