No 07-709C
(Judge Bruggink)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**RONALD J. MENKE,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.

---

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS**

---

Respectfully submitted:

SCOTT H. YORK
3341 South 700 East
Salt Lake City, Utah 84106
(801) 363-7726 Telephone
(801) 363-4625 Facsimile
shyork@owlservices.net
Attorney for Plaintiff

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK T. MANHARDT
Assistant Director

DOUGLAS K. MICKLE
Trial Attorney
Department of Justice
8th Floor, 1100 L St., NW
Washington, DC 20530
(202) 307-0383 Telephone
(202) 353-7988 Facsimile
Attorneys for Defendant

February 29, 2008

**TABLE OF CONTENTS**

PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**TABLE OF AUTHORITIES**

*Keene Corp. v United States*, 508 US 200 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Loveladies Harbor, Inc v United States*, 27 F.3d 1545 (Fed. Cir. 1994) . . . . . . . . . . . . . 3

*Hirel Connectors, Inc. v United States*, (Fed.Cl. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Samish Indian Nation v United States*, 419 F.3d 1355 (Fed. Cir. 2005) . . . . . . . . . . . . . 3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| Ronald J. Menke,<br><br>Petitioner,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant | **PETITIONER'S REPLY TO DEFENDANT'S MOTION TO DISMISS**<br><br>No. 07-709C<br><br>Judge Bruggink |

Plaintiff Ronald J. Menke replies to Defendant's Motion to Dismiss, as follows;

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff seeks to voluntarily withdraw or dismiss his complaint pursuant to Court of Federal Claims Rule 41(a)(1). Plaintiff presents his proposed Stipulation of Dismissal for Defendant approval and execution (*a copy of which is attached hereto*). The grounds for Plaintiff's proposed Stipulation are enumerated below.

**ISSUES PRESENTED**

1. Petitioner's withdrawal or voluntary dismissal of his complaint in accord with CFC Rule 41(a)(1).

2. Dismissal of case without prejudice or costs.

**STATEMENT OF CASE**

Plaintiff file the above-entitled action on or about October 2, 2007. Plaintiff claimed various acts and omissions attributable to Defendant during the course of Plaintiff's dual-status service as a federal civilian technician and a member of the Utah Air National Guard. Plaintiff's claims sound in violation of various federal statutes and military regulations, and in deprivation

of due process and equal protection. It is alleged that said acts and omissions by Defendant directly and proximately injured and damaged Plaintiff. Plaintiff sought back pay, benefits and reinstatement.

In lieu of answering plaintiff's complaint, Defendant submitted its Motion to Dismiss on or about November 30, 2007. In its Motion, Defendant raised four issues in support of dismissal: (1) whether 10 USC § 1552 Plaintiff's complaint contained the requisite references to 'money-mandating' statutes; (2) whether 28 USC § 1500 deprives this Court of jurisdiction of the case; (3) whether Plaintiff's complaint is barred by the statute of limitations; and, (4) whether Plaintiff's complaint is barred by the Civil Service Reform Act (CSRA) 32 USC § 709. This reply is made in response to Defendant's Motion to Dismiss.

## ARGUMENT

As any one of the grounds cited in Defendant's Motion to Dismiss will suffice to preclude Plaintiff's claims, if one is found to exist, there is no need to discuss the remainder. Plaintiff originally filed his complaint in the United States Federal District Court, Central Division, State of Utah (2:04-CV-00472 DB). As noted in Defendant's motion, the parties stipulated to stay the proceedings in the District Court pending what was intended to be submission of this matter to the Air Force Board for Correction of Military Records (AFBCMR). Defendant's Motion to Dismiss, p. 6. Despite the title of the document, Plaintiff's complaint was inadvertently filed with this Court rather than the AFBCMR.

It is undeniable and Plaintiff concedes that there is a case arising from the same operative facts and asserting the same claims currently filed in the District Court in Utah. Neither the fact that the matter has been stayed in that court or Defendant's stipulation appear to alter a finding that the matter is still 'pending' as the term is used in 28 USC § 1500. *See Keene Corp. v United*

*States*, 508 US 200 (1993); *Loveladies Harbor, Inc v United States,* 27 F.3d 1545 (Fed. Cir. 1994). Since Plaintiff's complaint was pending in the District court at the time this action was filed with the Court of Appeals, 28 USC § 1500 requires that this case must be dismissed. Defendant's other arguments need not be addressed.

In the event that a complaint is dismissed on the basis of 28 USC § 1500, this Court noted;

> "It is concluded that, pursuant to 28 U.S.C. § 1500, jurisdiction is lacking over plaintiff's Complaint and it must be dismissed. Keene Corp. v. United States, 508 U.S. 200, 206-07 (1993). Given the lack of jurisdiction, the dismissal will be without prejudice to the resolution of the claims in a tribunal, if any, having jurisdiction over them.
> . . .
> Accordingly, dismissal of this matter, as required by 28 U.S.C. § 1500, does not in any form comprise a ruling as to the tribunal, if any, which now would have jurisdiction over the contract claims involved. *See Harbuck v. United States*, 378 F.3d 1324, 1330 (Fed. Cir. 2004).
> For the forgoing reasons, it is ORDERED that the Complaint in this matter shall be DISMISSED without prejudice, for lack of jurisdiction, pursuant to 28 U.S.C. § 1500, with no costs to be assessed."
>
> *Hirel Connectors, Inc. v United States*, (Fed.Cl. 2006)(*see also Samish Indian Nation v United States*, 419 F.3d 1355 (Fed. Cir. 2005)).

On the basis of the foregoing rulings of this Court, this matter should similarly be dismissed without prejudice or costs.

## CONCLUSION

Plaintiff concedes and stipulates to the voluntary dismissal of this action without prejudice pursuant to 28 USC § 1500. An executed copy of Plaintiff's stipulation to Voluntary Dismissal under CFC Rule 41(a)(1) is attached hereto for Defendant's execution. No costs should be awarded.

Respectfully submitted February 29, 2008,

s/ SCOTT H. YORK
Attorney for Plaintiff Ronald J. Menke